IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRUCE K. SIDDLE AND SANDRA K. SIDDLE, INDIVIDUALLY AND AS TRUSTEES OF THE BRUCE K. SIDDLE AND SANDRA K. SIDDLE TRUSTS, DATED JULY 16, 2003, AND PPCT MANAGEMENT SYSTEMS, INC., | § § § § § § § | Civil Action No. 3:09-01137 |
| Plaintiffs, | § § | Judge Trauger |
| v. | § § | |
| CONNECTGOV, INC., DC INVESTMENT PARTNERS, LLC, FOUR CORNERS CAPITAL, LLC OF THE STATE OF TENNESSEE, GULLETT SANFORD ROBINSON AND MARTIN, PLLC, LATIMORE BLACK MORGAN & CAIN, P.C., LYNVIEW CAPITAL, LYNVIEW PARTNERS, LLC, PHAROS CAPITAL PARTNERS, L.P., PHAROS HOMELAND, PHAROS HOMELAND FINANCIAL, PHAROS HOMELAND FINANCIAL, LLC, PHAROS HOMELAND, LLC, MICHAEL W. DEVLIN, JACK H. DALTON, JOSEPH F. JOHNSON, JR., STEVEN W. LOGAN, SATELLITE TRACKING OF PEOPLE, LLC. (STOP) OF THE STATE OF TENNESSEE, SATELLITE TRACKING OF PEOPLE, LLC (STOP) OF THE STATE OF DELAWARE, AND, SMARTDM HOLDING, INC., | § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS DC INVESTMENT PARTNERS, LLC, FOUR CORNERS
CAPITAL, LLC, LYNVIEW PARTNERS, LLC D/B/A PHAROS
HOMELAND, LLC, PHAROS CAPITAL PARTNERS, L.P., PHAROS
HOMELAND FINANCIAL, LLC, AND MICHAEL W. DEVLIN'S
MEMORANDUM OF LAW IN SUPPORT OF HIS
<u>MOTION TO STRIKE THE DECLARATION OF BRUCE K. SIDDLE</u>**

Defendants DC Investment Partners, LLC, Four Corners Capital, LLC, Lynview Partners, LLC, Pharos Capital Partners, L.P., Pharos Homeland Financial, LLC, and Michael W. Devlin (collectively, the "Pharos Defendants"), by and through their attorneys, file this Memorandum of Law in Support of their Motion to Strike the Declaration of Bruce K. Siddle ("Siddle Declaration"),[1] as follows:

## I.

## PRELIMINARY STATEMENT

Although it has no effect upon the merits of the Pharos Defendants' Motion for Summary Judgment, the Court should strike and disregard the Siddle Declaration because it fails to comply with Federal Rule of Civil Procedure 56(e). The 86-page so-called Siddle Declaration—cribbed largely from Plaintiffs' Second Amended Complaint in Siddle I—is not the solemn testimony of a fact witness. Instead, it consist primarily of advocacy and legal argument, citations to (and quotes from) contracts and statutes, references to unauthenticated documents, and colorful commentary about the testimony, motives, and actions of others. Siddle's mere recitation that some of his statements are made on personal knowledge is not sufficient to make it so. Indeed, his own testimony reveals that most of the facts to which he purports to attest are not based on his personal knowledge. The Court should not condoned such an abuse of Rule 56.

---

[1] Siddle I Docket Entry 323-14. Unless otherwise indicated, all capitalized terms shall have the same meaning as in the Pharos Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment (Docket Entry 214).

II.

## ARGUMENT AND AUTHORITIES

A.  **The Standards For Admissibility Of Summary Judgment Affidavits And Declarations.**

Under Federal Rule of Civil Procedure 56(e), an "opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."[2] Thus, a party may <u>not</u> submit an affidavit or declaration that contains statements beyond the affiant's personal knowledge, legal arguments and conclusions, unsupportable conclusory allegations, inadmissible hearsay, or unauthenticated documents.[3] An affidavit or declaration that fails to comply with the requirements of Rule 56(e) should be disregarded by the Court.[4]

---

[2] Indeed, Rule 56(e)(1) reiterates the requirement set forth in Rule 602 of the Federal Rules of Evidence that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *See* FED. R. EVID. 602.

[3] *See Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) ("Rule 56(e) further requires the party to attach sworn or certified copies of all documents referred to in the affidavit."); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968 (6th Cir. 1991) ("Affidavits composed of hearsay and opinion evidence do not satisfy Rule 56(e) and must be disregarded."); *Vaden v. Gap, Inc.*, No. 3:06-0142, 2007 U.S. Dist. LEXIS 22736, at *6 (M.D. Tenn. Mar. 26, 2007) ("Hampton's Affidavit includes summary conclusions, opinions, and hearsay, none of which is admissible evidence."); *Gaskey v. Fulton Bellows, LLC*, No. 3:05-CV-540, 2007 U.S. Dist. LEXIS 19841, at *9 (E.D. Tenn. Mar. 20, 2007) ("[A]ll affidavits, regardless of the author, must be made on personal knowledge and set forth facts that would be admissible in evidence."); *Peebles v. A. Schulman, Inc.*, No. 3:04-0754, 2006 U.S. Dist. LEXIS 13010, at *23 (M.D. Tenn. Mar. 7, 2006) ("Paragraphs which contain nothing more than legal conclusions and speculation without factual support will be stricken in accordance with the dictates of Rule 56(e).").

[4] *See Long v. Procter & Gamble Mfg. Co.*, No. 03-1097 T/AN, 2005 WL 1631033, at *1 (W.D. Tenn. July 8, 2005) ("Affidavits that do not satisfy the requirements of Rule 56(e) are subject to motions to strike.").

B.  **The Siddle Declaration Fails To Comply With Rule 56(e).**

The Siddle Declaration fails to comply with Rule 56(e) in at least five respects.  First, the vast majority of the statements obviously are not made on personal knowledge, despite Siddle's sworn testimony to the contrary.  Second, it is replete with improper legal arguments and conclusions.  Third, it offers unsupported, conclusory allegations of purported facts.  Fourth, it contains and relies on inadmissible hearsay.  Fifth, it offers and relies on unauthenticated documents.  Accordingly, the Court should strike those portions of the Siddle Declaration and the exhibits thereto that violate Rule 56(e).

1.  **The Siddle Declaration is not made on personal knowledge.**

The Federal Rules of Civil Procedure require that declarations be based on personal knowledge.[5]  The Siddle Declaration, however, is loaded with speculation, hearsay, and conclusory allegations, which are clearly beyond Siddle's personal knowledge.  In fact, at least 184 of the 241 paragraphs of that declaration contain statements that, on their face, are not based on Siddle's personal knowledge.[6]

---

[5] *See* FED. R. CIV. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge . . ."); *see also WYCQ, Inc. v. Nat'l Music Mktg., Inc.*, No. 3:05-cv-0979, 2008 WL 56027, at *4 (M.D. Tenn. Jan. 3, 2008) ("Generally, averments made on information and belief alone—and not on personal knowledge—are insufficient to satisfy this standard and thus are not admissible on a motion for summary judgment."); *Mugno v. Societe Internationale De Telecomms. Aeronautiques, Ltd.*, No. 05-CV-2037, 2007 U.S. Dist. LEXIS 6573, at *25 (E.D.N.Y. Jan. 30, 2007) ("One's belief alone is not enough upon which to make a declaration, nor is knowledge alone sufficient, the Federal Rules require personal knowledge.") (emphasis in original); *Peebles*, 2006 U.S. Dist. LEXIS 13010, at *23 (holding that a mere recitation that an affidavit is based upon "firsthand knowledge" is insufficient to show personal knowledge where it is not shown how the affiant obtained the knowledge purportedly underlying the affidavit).

[6] *See* Siddle Declaration ¶¶ 1-5, 7, 9, 14-17, 18-19, 26-30, 32-37, 39, 41-44, 46, 48, 50, 52-55, 57-91, 93-94, 96-103, 105, 107-127, 130, 132-133, 136, 139-140, 142-143, 146-148, 150-151, 154-161, 163-173, 175-181, 183-190, 192-195, 197-204, 206-208, 213, 220-235, 237-239 (Siddle I Docket Entry 323-14).

For example, the declaration is filled with references to and comments about: (1) alleged internal communications among the defendants; (2) agreements that Siddle neither signed nor negotiated; (3) meetings and conversations in which Siddle was not a participant; and (4) documents with respect to which there is a complete absence of testimony from Siddle demonstrating any personal knowledge of the matters, events, transactions, and communications mentioned or reflected therein. Simply put, the Siddle Declaration manifests a total disregard of the rules requiring <u>personal</u> <u>knowledge</u> as a condition to the admissibility of witness testimony.[7] The Court, therefore, should strike the Siddle Declaration on that basis alone.[8]

Instead of setting forth his personal experiences and observations, the Siddle Declaration is comprised of numerous summaries and accounts of conversations and meetings in which he was not a participant,[9] transactions in which he was not a party,[10] speculation as to the knowledge or intent of others,[11] and allegations he fails to support.[12] All of those matters are beyond

---

[7] *See Gaskey*, 2007 U.S. Dist. LEXIS 19841, at *9 ("[A]ll affidavits, regardless of the author, must be made on personal knowledge and set forth facts that would be admissible in evidence."); *Peebles*, 2006 U.S. Dist. LEXIS 13010, at *23 ("Apart from the conclusory statement that the Affidavit is based upon 'firsthand knowledge,' there is nothing which would suggest how Motley obtained the knowledge purportedly underlying the affidavit.").

[8] *See Peebles*, 2006 U.S. Dist. LEXIS 13010, at *20 ("It is the burden of the party submitting the affidavit to show circumstances indicating the witness has based the statement on personal knowledge."); *Long*, 2005 WL 1631033, at *2 (striking portions of affidavit because affiant "offer[ed] nothing from which the Court can conclude that he had personal knowledge" and thus "has not met his burden of establishing that his affidavit was made with personal knowledge").

[9] *See* Siddle Declaration ¶¶ 33, 57-58, 65-66, 70-71, 74-75, 83, 87-88, 93, 99, 103, 159, 175, 187, 198, 207, 228, 230-231, 234 (Siddle I Docket Entry 323-14).

[10] *See id.* ¶¶ 77, 84, 125, 137, 164, 195, 206, 220-223, 226-228, 231-233.

[11] Amazingly, Siddle attests to the knowledge and/or intent of the <u>Defendants</u> in at least 86 paragraphs in the Siddle Declaration. *See id.* ¶¶ 1, 9, 15-17, 19, 28-29, 32, 36, 41-43, 46, 48-49, 51, 54, 61, 65, 68, 73, 77, 90-91, 94, 96-97, 100-103, 105, 109-114, 116-121, 123-124, 126, 130, 132-133, 139-140, 142-143, 148, 150-151, 154, 156, 158, 166, 169-170, 176-179, 183-186, 188, 190, 192, 194, 197-198, 203-204, 208, 213, 229, 237-239.

Siddle's personal knowledge and, therefore, are not properly included in his sworn declaration.[13] Indeed, Siddle asserts that he did not know of those matters prior to filing suit.[14] Accordingly, the following paragraphs of the Siddle Declaration are not based on Siddle's personal knowledge and, therefore, should be stricken and disregarded: Paragraphs 1-5, 7, 9, 14-17, 18-19, 26-30, 32-37, 39, 41-44, 46, 48, 50, 52-55, 57-91, 93-94, 96-103, 105, 107-127, 130, 132-133, 136, 139-140, 142-143, 146-148, 150-151, 154-161, 163-173, 175-181, 183-190, 192-195, 197-204, 206-208, 213, 217, 220-235, 237-239, and 241.

### 2. The Siddle Declaration contains improper legal arguments and conclusions.

In direct contravention of Rule 56(e), which allows a party opposing summary judgment to "set out facts" by declaration,[15] the Siddle Declaration abuses the rule by making numerous legal arguments and conclusions. For example, Siddle repeatedly concludes that virtually every action by, or on behalf of, Defendants was attributable to "fraud."[16] Such legal argumentation runs throughout the Siddle Declaration.

---

[12] *See id.* ¶¶ 5, 7-9, 11, 14-19, 26, 28-30, 32, 36, 38-39, 41-44, 46, 48-49, 51-55, 57, 59-63, 68, 73, 75, 89-90, 92, 94-97, 99-100, 102-103, 105-121, 123-124, 126, 130, 132-133, 135-137, 139-143, 146-154, 156-160, 162-167, 169-179, 182-188, 190-201, 203-204, 208, 213-216, 223-225, 229, 233, 236-239; *see also Long*, 2005 WL 1631033, at *2 ("[P]aragraph 9 continues that 'Mr. Yeager's report was false;' however, Lusby does not explain how he knows Yeager's report was false. Lusby offers nothing from which the Court can conclude that he had personal knowledge that the report was in fact false. . . . Therefore, because these portions of paragraph 9 are not based upon personal knowledge, they should be stricken.").

[13] *See Long*, 2005 WL 1631033, at *1 ("Affidavits not based upon personal knowledge should be stricken.").

[14] *See* Siddle Declaration ¶ 1 ("Unknown to me until May 1, 2009, Crants incorporated Homeland Security Corporation ('HSC') as part of his wire, mail, and bank fraud schemes to obtain my business credentials and contracts to pay a then pressing multimillion dollar debt to First Tennessee Bank.") (Siddle I Docket Entry 323-14).

[15] *See* FED. R. CIV. P. 56(e).

[16] *See* Siddle Declaration ¶¶ 1, 5, 9, 14, 16, 28, 43, 48-50, 52, 55, 57, 61, 67, 71-73, 77-82, 85-86, 90-92, 94, 96-98, 101, 103-106, 108, 110, 116, 118-121, 126, 129, 135-137, 148, 150-

Those portions of a declaration stating ultimate facts or legal conclusions must be disregarded.[17] Indeed, the Siddle Declaration more resembles Plaintiffs' Second Amended Complaint in Siddle I than a bona fide declaration, tracking the elements of the alleged causes of action,[18] alleging fiduciary duties that were owed and breached,[19] characterizing people as agents or servants,[20] characterizing companies as RICO enterprises,[21] and alleging that certain actions were fraudulent.[22] Moreover, not only are legal arguments set forth in the Siddle Declaration improper, but they also "have the effect of circumventing the Court's page limits on memoranda."[23] Plaintiffs' unfair attempts to skirt the rules should not be condoned.

---

151, 153-154, 156, 159-160, 166, 169-172, 174-179, 182, 184-185, 188, 190-201, 203, 239 (Siddle I Docket Entry 323-14).

[17] *See Gaskey*, 2007 U.S. Dist. LEXIS 19841, at *10 ("Paragraphs which contain nothing more than legal conclusions and speculation, without factual support will be stricken in accordance with the dictates of Rule 56(e)."); *Chao v. USA Mining, Inc.*, Nos. 1:04-CV-1, 1:04-CV-138, 2007 WL 208530, at *16 n.1 (E.D. Tenn. Jan. 24, 2007) ("Much of the lengthy affidavit does not conform to FED. R. CIV. P. 56(e) because it consists of legal arguments and does not state facts based on personal knowledge.").

[18] *See* Siddle Declaration ¶¶ 29, 32, 41-42, 46, 48-49, 54-55, 108-124, 160, 197, 199, 201, 216 (Siddle I Docket Entry 323-14).

[19] *See id.* ¶¶ 39-40, 44, 47, 110-111, 119, 185, 199-200.

[20] *See id.* ¶¶ 38, 45, 122.

[21] *See id.* ¶¶ 14, 20.

[22] *See id.* ¶¶ 1, 5, 9, 14, 16, 28, 43, 48-50, 52, 55, 57, 61, 67, 71-73, 77-82, 85-86, 90-92, 94, 96-98, 101, 103-106, 108, 110, 116, 118-121, 126, 129, 135-137, 148, 150-151, 153-154, 156, 159-160, 166, 169-172, 174-179, 182, 184-185, 188, 190-201, 203, 239.

[23] *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 71 (E.D.N.Y. 2004); *see Minnesota Pet-Breeders, Inc. v. Schell & Kampeter, Inc.*, No. CV 3-90-277, 1992 WL 436729, at *4 n.3 (D. Minn. Sept. 23, 1992) (finding that an "affidavit" submitted in conjunction with the party's reply to summary judgment was "a circumvention of the page limits for reply memoranda").

Such legal arguments and conclusions contravene Rule 56(e), as it "is not for a witness to instruct the court on the law."[24] Accordingly, the following portions of the Siddle Declaration containing improper legal arguments and conclusions should be disregarded: Paragraphs 1-2, 5, 8-9, 14, 16, 19, 26-30, 32, 38-55, 57, 61, 67, 71-73, 75, 77-82, 85-86, 89-92, 94, 96, 98, 101, 103-105, 107-124, 126, 129-130, 132-133, 135-137, 142, 148-149, 151-154, 156, 158, 160, 169-170, 176, 179, 186-188, 190, 192-195, 197-201, 204, 208, 213-216, and 239.

### 3. The Siddle Declaration contains unsupportable, conclusory allegations.

The Siddle Declaration contains numerous unsupportable conclusory allegations.[25] Those broad, general characterizations reflecting Siddle's opinions and beliefs are of no evidentiary value. Indeed, those conclusory allegations are not supported by any specific facts. Moreover, those statements further demonstrate that the Siddle Declaration is not testimonial, but rather, argumentative in nature. Because unsupportable conclusory allegations are not properly included in a declaration in opposition to summary judgment,[26] the following conclusory

---

[24] *Brown-Criscuolo v. Wolfe*, No. 3:05-CV-01486, 2007 U.S. Dist. LEXIS 62249, at *5 (D. Conn. Aug. 24, 2007); *see United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984) ("[I]t is not for the witnesses to instruct the jury as to applicable principles of law, but for the judge.") (internal quotations omitted).

[25] *See* Siddle Declaration ¶¶ 1-5, 7-9, 11, 14-19, 26-30, 32-33, 36-39, 41-44, 46, 48-49, 51-55, 57-63, 65-66, 68, 70-75, 77-82, 85-86, 90-92, 94-97, 99-124, 126, 129-130, 132-133, 135-137, 139-143, 146-154, 156-160, 162-167, 169-180, 182-188, 190-201, 203-204, 206-208, 213-216, 223-225, 229, 233, 236-239 (Siddle I Docket Entry 323-14).

[26] *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584-85 (6th Cir. 1992) ("Even if the Court were to consider the Affidavit, the statements contained therein are nothing more than rumors, conclusory allegations and subjective beliefs which are wholly insufficient evidence to establish a claim of discrimination as a matter of law."); *Daily Press, Inc. v. United Press Int'l*, 412 F.2d 126, 134 (6th Cir. 1969) ("When the motions for summary judgment were filed, plaintiff could no longer rely on the conclusory allegations of its complaint."); *Hayes v. City of Memphis Police Dep't*, No. 05-2230 DV, 2006 WL 2882682, at *2 (W.D. Tenn. Oct. 6,

allegations in the Siddle Declaration should be striken: Paragraphs 1-5, 7-9, 11, 14-19, 26-30, 32-33, 36-39, 41-44, 46, 48-49, 51-55, 57-63, 65-66, 68, 70-75, 77-82, 85-86, 90-92, 94-97, 99-124, 126, 129-130, 132-133, 135-137, 139-143, 146-154, 156-160, 162-167, 169-180, 182-188, 190-201, 203-204, 206-208, 213-216, 223-225, 229, 233, and 236-239.[27]

### 4. The Siddle Declaration contains inadmissible hearsay.

Rule 56(e) provides that a declaration in opposition to a motion for summary judgment may only "set out facts that would be admissible in evidence."[28] The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[29] Under the Federal Rules of Evidence, hearsay is not admissible unless it falls within an exception to the hearsay rule.[30] The proponent of a hearsay statement in opposition to summary judgment bears the burden of demonstrating that it falls within an applicable exception.[31] There are numerous

---

2006) ("Personal beliefs, conjecture, rumors, speculation, and conclusory assertions do not create a genuine issue of fact.").

[27] *See Wade v. Austin Peay State Univ.*, Nos. 3:05-0076, 3:04-1150, 3:05-0097, 3:05-0229, 2008 WL 170081, at *21 (M.D. Tenn. Jan. 16, 2008) ("Plaintiffs' self-serving and conclusory declarations of race discrimination in employment decisions affecting them, without specific evidence proving the existence of such race discrimination, is insufficient to show pretext and preclude the entry of summary judgment against them.").

[28] *See* FED. R. CIV. P. 56(e)(1); *see also Daily Press*, 412 F.2d at 133 ("Hearsay evidence would not have been admissible in a trial of the case on the merits. It cannot be considered on a motion for summary judgment."); *Wiley*, 20 F.3d at 226 ("[H]earsay evidence cannot be considered on a motion for summary judgment.").

[29] *See* FED. R. EVID. 801(c).

[30] *See* FED. R. EVID. 802.

[31] *See United States v. Day*, 789 F.2d 1217, 1221 (6th Cir. 1986) ("The proponent of a hearsay statement bears the burden of proving each element of a given hearsay exception or exclusion."); *Campos v. MTD Prods., Inc.*, No. 2:07-CV-00029, 2009 WL 2252257, at *19 (M.D. Tenn. July 24, 2009) ("It is the burden of the proponent of the material to show that the material fits within the [applicable] exception to the hearsay rule."); *see also Torres v. Gristede's*

9
Case 3:09-cv-01137   Document 248   Filed 06/10/10   Page 9 of 15 PageID #: 4889

statements in the Siddle Declaration that constitute inadmissible hearsay,[32] for which the affiant fails to demonstrate that any exception to the hearsay rule applies.

For example, the Siddle Declaration includes numerous descriptions and accounts of conversations, meetings, and communications of which he was not a part,[33] and refers to certain exhibits which, in addition to being beyond Siddle's personal knowledge, also constitute and/or contain inadmissible hearsay.[34] Because such hearsay statements would not be admissible at trial, the following portions of the Siddle Declaration, and the exhibits thereto, should be stricken: Paragraphs 7, 33, 39, 44, 58, 65-66, 70, 75, 83-84, 87-88, 93, 99, 144-145, 168, 228, 230-231, and 234, and Exhibits 13-16, 29, 31, 36, 41-43, 46, 63-65, 76-77, 86, 91-96, 100, 106,

---

*Operating Corp.*, 628 F. Supp. 2d 447, 469-70 (S.D.N.Y. 2008) ("Evidence submitted in support of a summary judgment motion must be admissible at trial, and the proponent of the evidence bears the burden of showing that the evidence is admissible. . . . Gristede's has not authenticated the report as a business record and does not identify any other applicable exception to the hearsay rule. Accordingly, the Court will not consider the contents of the report for the purposes of the present motion.").

[32] *See* Siddle Declaration ¶¶ 7, 33, 39, 44, 58, 65-66, 70, 75, 83-84, 87-88, 93, 99, 144-145, 168, 228, 230-231, 234 (Siddle I Docket Entry 323-14).

[33] *See id.* ¶¶ 33, 57-58, 65-66, 70-71, 74-75, 83, 87-88, 93, 99, 103, 159, 175, 187, 198, 207, 228, 230-231, 234; *see also Bailey v. Youth Villages, Inc.*, 239 F.R.D. 483, 487 (M.D. Tenn. 2006) (striking portions of affidavit that constituted inadmissible hearsay "because there is no indication that [affiant] was present for the referenced conversation").

[34] *See* Siddle Declaration Exs. 13-16, 29, 31, 36, 41-43, 46, 63-65, 76-77, 86, 91-96, 100, 106, 108, 118, 121, 144, 146-147, 149-153, 155-157, 159, 162, 164-165, 174, 176, 182, 184-185, 187, 191, 193, 195, 213, 216, 223, 225, 227, 232, 240, 353 (Siddle I Docket Entry 323-14); *see also Gaskey*, 2007 U.S. Dist. LEXIS 19841, at *9 ("Many of the affidavits submitted by plaintiffs likewise involve multiple levels of hearsay, as well as unidentified sources of 'information.' Plaintiffs cannot rely upon inadmissible hearsay in their effort to defeat summary judgment.").

108, 118, 121, 144, 146-147, 149-153, 155-157, 159, 162, 164-165, 174, 176, 182, 184-185, 187, 191, 193, 195, 213, 216, 223, 225, 227, 232, 240, and 353.[35]

### 5. The Siddle Declaration offers and relies on unauthenticated documents.

Because a declaration in opposition to a motion for summary judgment may only "set out facts that would be admissible in evidence,"[36] any exhibits attached to the declaration must also be admissible.[37] Federal Rule of Evidence 901 requires that a document be authenticated before it is admissible.[38] To authenticate a document, the proponent must submit evidence sufficient to support a finding that the document is what it purports to be.[39] Moreover, Rule 56(e) requires that a sworn or certified copy of all documents referred to in a declaration submitted in opposition to summary judgment must be attached to or served with the declaration.[40]

---

[35] *See Dole*, 942 F.2d at 968 ("Affidavits composed of hearsay and opinion evidence do not satisfy Rule 56(e) and must be disregarded."); *Gaskey*, 2007 U.S. Dist. LEXIS 19841, at *12 (striking portions of affidavits "because they contain inadmissible hearsay").

[36] *See* FED. R. CIV. P. 56(e)(1).

[37] *See Woodruff v. Nat'l Life Ins. Co.*, No. 3:05-CV-330, 2006 WL 2792204, at *1 (E.D. Tenn. July 24, 2006) (*citing* 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2722, at 379-80, 382-84 (1998) ("Rule 56(e) requires that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit. . . . To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.")).

[38] *See* FED. R. EVID. 901.

[39] *See id.* 901(a) ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); *United States v. Mandycz*, 447 F.3d 951, 966 (6th Cir. 2006) ("The authenticity inquiry, then, turns on 'whether the document is what it purports to be . . .'"). Federal Rule of Evidence 902 lists situations in which authentication by extrinsic evidence is not required because the document is "self-authenticating." *See* FED. R. EVID. 902(1)-(12).

[40] *See* FED. R. CIV. P. 56(e)(1); *see also Wiley*, 20 F.3d at 226 ("Rule 56(e) further requires the party to attach sworn or certified copies of all documents referred to in the affidavit."); *Laurence v. Gateway Health Sys.*, No. 3:06-0636, 2008 WL 2097390, at *5 (M.D.

Accordingly, documents that have not been properly authenticated may not be considered in opposition to a motion for summary judgment.[41]

Virtually all of the exhibits attached to the Siddle Declaration fail to comply with Rule 56(e) and Federal Rules of Evidence 901 and 902.[42] For example, Siddle repeatedly references handwritten notes allegedly created by a non-party,[43] purported financial records not accompanied by custodial affidavit,[44] and agreements to which Siddle was not a party.[45] These unauthenticated exhibits do not comply with Rule 56(e), and would not be admissible at trial because they are not properly authenticated under the Federal Rules of Evidence.[46] Accordingly, the following exhibits to the Siddle Declaration should be stricken: Exhibits 13-16, 28-29, 31, 33, 36, 41-44, 46, 54, 63-68, 71, 74-78, 80, 86, 90-95, 97, 99-101, 105-108, 112-113, 115-121,

---

Tenn. May 16, 2008) ("Documents submitted by a party in support of or in opposition to a motion for summary judgment must be authenticated by being sworn to or certified in order to be considered by the Court.").

[41] *See Jackson v. Tenn. Dep't of Safety*, No. 3:05-CV-231, 2009 WL 1437570, at *4-5 (E.D. Tenn. May 21, 2009) ("Unauthenticated documents may not be used to support a motion for summary judgment. . . . [E]vidence used to support or oppose a motion for summary judgment must be properly authenticated and admissible.") ; *Woodruff*, 2006 WL 2792204, at *1 (*citing* 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2722, at 379-80, 382-84 (1998) ("Rule 56(e) requires that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit. . . . To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.")).

[42] *See* Siddle Declaration Exs. 13-16, 28-29, 31, 33, 36, 41-44, 46, 54, 63-68, 71, 74-78, 80, 86, 90-95, 97, 99-101, 105-108, 112-113, 115-121, 130, 144-165, 174-177, 182-185, 187-193, 195, 208, 213, 216, 223-227, 232, 237, 240, 358, 386-387 (Siddle I Docket Entry 323-14).

[43] *See id.* Exs. 16, 41, 46, 65, 93, 223, 225, 232.

[44] *See id.* Exs. 13, 15, 42-43, 64, 77, 86, 92, 95, 108, 144, 184-185, 213, 223, 240.

[45] *See id.* Exs. 44, 78, 80, 112, 130, 188-189, 192, 226, 237.

[46] *See, e.g.*, *Jackson*, 2009 WL 1437570, at *5 (refusing to consider unauthenticated exhibits attached to affidavit in opposition to motion for summary judgment).

130, 144-165, 174-177, 182-185, 187-193, 195, 208, 213, 216, 223-227, 232, 237, 240, 358, and 386-387.

## III.

## REQUEST FOR RELIEF

For the foregoing reasons, the Pharos Defendants respectfully request that the Court: (i) grant their Motion to Strike the Declaration of Bruce K. Siddle; (ii) strike or, in the alternative, disregard those portions of the Declaration of Bruce K. Siddle that fail to comply with Federal Rule of Civil Procedure 56(e); and (iii) grant the Pharos Defendants such additional relief to which they may be entitled.

Dated: June 10, 2010

                              Respectfully submitted,

                              **BICKEL & BREWER**

By:   /s/ Michael S. Gardner
        William A. Brewer III  (*pro hac vice*)
        Michael S. Gardner  (*pro hac vice*)
        Eric P. Haas  (*pro hac vice*)
        1717 Main Street, Suite 4800
        Dallas, Texas  75201
        Telephone:  (214) 653-4000

**LEADER, BULSO, NOLAN & BURNSTEIN, PLC**

Julie Murphy Burnstein (BPR No. 18149)
414 Union Street, Suite 1740
Nashville, Tennessee  37219
Telephone:  (615) 780-4115

**ATTORNEYS FOR DEFENDANTS DC INVESTMENT PARTNERS, LLC, FOUR CORNERS CAPITAL, LLC, LYNVIEW PARTNERS, LLC D/B/A PHAROS HOMELAND, LLC, PHAROS CAPITAL PARTNERS, L.P., PHAROS HOMELAND FINANCIAL, LLC, AND MICHAEL W. DEVLIN**

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was served on the following counsel and parties on the 10th day of June 2010 via the electronic filing system:

Bruce Carr
The Rex Carr Law Firm, LLC
412 Missouri Avenue
East St. Louis, IL 62201

James N. Bowen
Seth Martin McInteer
Steven Allen Riley
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203

Randall D. Grady
Jennifer L. Geschke
Riezman Berger, P.C.
7700 Bonhomme Avenue, 7th Floor
St. Louis, MO 63105

William N. Helou
2525 West End Avenue
14thd Floor, Suite 1475
Nashville, TN 37203

SmartDM Holding, Inc.
822 Airpark Center Dr
Nashville, TN 37217-2942

Jack H. Dalton, *pro se*
606 Green Park
Nashville, TN 37215

Mary Ann Parker
Parker & Crofford
1230 Second Avenue, South
Nashville, TX 37210

David R. Bohm
Danna McKitrick, PC
7701 Forsyth Blvd., Suite 800
St. Louis, MO 63105

Johannes S. Kingma
John L. Bunyan
John Colquitt Rogers
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, GA 30303

John Day
Day & Blair, P.C.
5300 Maryland Way, Suite 300
Brentwood, TN 37027

Edwin Wallis, III
Richard Glassman
Robert A. Cox
Tim Edwards
Glassman, Edwards, Wade & Wyatt, P.C.
26 N Second Street
Memphis, TN 38103

                /s/ Michael S. Gardner
                Michael S. Gardner