UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRUCE K. SIDDLE, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:09-cv-00175 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| DOCTOR R. CRANTS, JR., ET AL., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| BRUCE K. SIDDLE, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:09-cv-01137 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| CONNECTGOV, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Siddles have filed a Motion to Alter or Amend, for Leave to Amend the Third-Party Complaints, and for Transfer to Another Venue (*Siddle I* Docket No. 481; *Siddle II* Docket No. 358) ("Motion to Amend and Transfer") in the above-captioned cases.[1] The court, acting *sua sponte*, previously dismissed the Siddles' Third-Party Complaint against their former attorneys in

---

[1] Familiarity with the court's March 26, 2013 opinion, docketed in both cases, is assumed. *See Siddle v. Crants*, Nos. 3:09-CV-00175, 3:09-CV-01137, 2013 WL 1245678 (M.D. Tenn. Mar. 26, 2013) [*Siddle I* Docket No. 477; *Siddle II* Docket No. 355] (opinion referred to hereinafter as "*Siddle*"). Consistent with the nomenclature utilized therein, the court will refer to docket entries in *Siddle, et al. v. Crants, et al.*, Case No. 3:09-cv-00175, as "*Siddle I* Docket No. [X]," and to entries in *Siddle, et al. v. ConnectGov., Inc., et al.*, Case No. 3:09-cv-01137, as "*Siddle II* Docket No. [X]."

1

these cases – the Carrs – for failure to obtain leave of court to add the Carrs as parties after judgment. In a footnote, the court also suggested that it likely lacked subject matter jurisdiction over the Third-Party Complaint, which asserted Illinois state law legal malpractice claims that were not part of the same case or controversy as the Siddles' underlying lawsuit. *See Siddle*, 2013 WL 1245678, at *37 n.34. The Siddles now argue that the court should (a) permit them to reinstate their claims against the Carrs through a proposed Amended Third-Party Complaint (*see Siddle I* Docket No. 481, Ex. 1; *Siddle II* Docket No. 358, Ex. 1) ("proposed Amended Third-Party Complaint") and (b) once the Siddles file that pleading, transfer the case to the Southern District of Illinois under 28 U.S.C. § 1391 for further proceedings.

Rule 14 is designed to permit the parties to join "parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). Rule 14 is procedural, not jurisdictional; thus, any claim asserted through Rule 14 requires a basis for federal subject matter jurisdiction over that claim. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 67 n.1, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996); *see also* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts . . . .")

By attempting to utilize Rule 14 to assert post-judgment legal malpractice claims against the Carrs, the Siddles are essentially seeking to implead a party that had no role in the transactions giving rise to the Siddles' claims. Here, the Siddles' underlying lawsuits concerned actions by the defendants relative to the Homeland Security Corporation ("HSC"), a former joint venture between the Siddles and certain defendants. However, the Siddles' claims against the

Carrs stemming from the Carrs' conduct *in this litigation* have no factual relationship to the underlying financial transactions related to HSC that formed the basis of the Siddles' lawsuits. That is, the Carrs had no role with respect to the Siddles' underlying factual allegations, including the alleged acts supporting the federal Exchange Act claims, RICO claims, and/or Lanham Act claims in each case – the only claims over which the Siddles alleged that this court had original jurisdiction. (*See Siddle I* Docket No. 201, Second Am. Compl., at Counts I-IV (18 U.S.C. §§ 1962(a)-(d) (RICO)), V (15 U.S.C. § 78j(b), Securities and Exchange Act), and VI (15 U.S.C. § 1125, Lanham Act); *Siddle II* Docket No. 2, Compl., at Counts I-IV (RICO)). Furthermore, the Carrs did not have any role in the promulgation or execution of the Releases themselves.[2]

The Siddles seek to treat the defendants' Rule 54 motions as "claims" for purposes of Rule 14, perhaps as a backdoor method to stay enforcement of the court's post-judgment assessment of attorney's fees and costs in favor of the defendants. However, the Siddles have provided no authority demonstrating that Rule 14 permits *post-judgment* impleader under the

---

[2] By contrast, in *Kerschner v. Weiss & Co.*, 667 N.E.2d 1351 (Ill. App. Ct. 1996), the case relied upon by the Siddles here, an Illinois appellate court found that it was appropriate for a defending party to implead a law firm that was involved in the transactions that formed the basis of the plaintiffs' claims. There, three members of a five-member business partnership, Weiss & Co., withdrew from the company, solicited clients away from the company, and started their own business. They did so based on questionable legal advice provided by an attorney, Goodman. The remaining two partners in Weiss & Co. sued the three partners who had withdrawn, alleging, *inter alia*, tortious interference with Weiss & Co.'s contractual relations. Two of the three withdrawing partners – now defendants in the case – sought to implead Goodman as a third-party defendant, alleging that Goodman had committed legal malpractice in advising them to commit the tortious acts, thereby triggering an obligation by Goodman to indemnify them against the plaintiffs' claims. Under the circumstances, the Illinois court held that, pursuant to the Illinois impleader statute, the defendants were entitled to implead the attorney as a third-party defendant under an "implied indemnity" theory stemming from his *pre-tort* conduct.

3

procedural circumstances presented here, in which, after judgment, the Siddles seek to implead a third-party with no connection to the facts underlying their causes of action or to the formation and execution of the Releases. Indeed, consistent with its purpose, Rule 14 is located in the sections of the federal rules relating to the early pretrial stages of a lawsuit, such as Rule 12 (responsive pleadings and motions to dismiss), Rule 13 (counterclaims and cross-claims), Rule 15 (amending and supplementing pleadings), and Rule 16 ( pretrial conferences, scheduling, and pretrial case management), but not in the sections dealing with post-judgment procedures, including Rule 54. Under the circumstances and in the absence of federal precedent for the Siddles' position here, the court remains unpersuaded that the federal rules permit the Siddles unilaterally to add parties to the lawsuit (1) post-judgment, (2) at any point after the Rule 54 motions were filed, and (3) where those parties were not involved in the conduct giving rise to the lawsuit or in the formation or execution of the documents supporting the defendants' meritorious contract defense.[3]

Even if Rule 14 permitted this type of post-judgment impleader by plaintiffs without leave of court, the court would lack subject matter jurisdiction over the Siddles' Illinois claims against the Carrs. Under 28 U.S.C. § 1367(a), a federal court "has supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting § 1367(a)). Claims form part of the same case or controversy when they derive from a common nucleus of operative facts. *Harper*, 392 F.3d at 209. Here, the Third-

---

[3]Moreover, the Siddles' position, if correct, would seem to be self-defeating. If the Rule 54 motions constituted "claims," the Siddles would have had an obligation to file a timely responsive pleading thereto – but they did not.

4

Party Complaint alleged, without further elaboration, that the Siddles' malpractice claims against the Carrs shared "a common nucleus of operative facts" with the Siddles' underlying claims based on federal question jurisdiction, as asserted in the operative complaint in each case. (*See* Third-Party Compl. ¶ 8; proposed Third-Party Compl. ¶ 8).[4] However, the Siddles did not articulate, and still have not articulated, what that common nucleus of facts would be – nor does the court perceive any such connection among the claims. The third-party malpractice claims turn on the nature of internal communications between the Siddles and the Carrs in the course of this case, not facts concerning the HSC-related transactions that formed the basis for the Siddles' federal claims against the defendants – pre-tort conduct that did not involve the Carrs in any respect. Even if the court were to construe the defendants' post-judgment Rule 54 motions as "claims," the Rule 54 motions required only a determination as to whether the fees and costs incurred by each defendant were reasonable, not an inquiry into the nature of the Siddles' communications with their own attorneys. Thus, even under this assumption, the Siddles' legal malpractice claims would not be part of the same "case or controversy" as the defendants' post-judgment motions for fees and costs.[5]

---

[4]The Third-Party Complaint also purported to invoke Rule 14(b) as a basis for jurisdiction. As discussed above, the federal rules are procedural, not jurisdictional.

[5]Crants III filed a "Counterclaim" in *Siddle I* demanding attorney's fees and costs under the Releases (Docket No. 299), to which the Siddles filed a Motion to Dismiss (Docket No. 354) that essentially repeated the same arguments concerning the validity and enforceability of the Releases that the court had rejected in its earlier opinions granting summary judgment to the defendants. After the Siddles appealed the court's judgments, the court termed the Siddles' Motion to Dismiss Crants III's Counterclaim (Docket Nos. 359 and 374). After the Sixth Circuit affirmed the court's judgments and adopted the court's grounds for issuing them, the Siddles' Motion to Dismiss the Counterclaim was not reinstated on the *Siddle I* docket. At that time, the Siddles did not seek relief from the court to renew the motion (perhaps because the grounds for it had been rejected by the Sixth Circuit), nor did Crants III move for "judgment" on his Counterclaim. Instead, after the appeal was concluded, Crants III filed a Rule 54 motion that, as

Moreover, the Siddles' associated request to transfer venue implicitly acknowledges what this court suggested in its March 22, 2013 opinion: the Siddles' claims against their former attorneys belong in another court (presumably Illinois state court) that has personal jurisdiction over the parties, where venue is appropriate, and in which the court has subject matter jurisdiction over this distinct attorney-client dispute. The court recognizes that the Siddles will be placed in an unenviable position while seeking to collect from the Carrs in Illinois, who apparently are already the subject of some type of malpractice-related lawsuit in Illinois state court. Be that as it may, this is a court of limited jurisdiction, and the claims at issue in both cases have been fully and finally adjudicated.

Therefore, for the reasons stated herein, the Siddles' Motion to Amend or Transfer is hereby **DENIED** in all respects.

It is so **ORDERED**.

Enter this 25th day of April 2013.

_____
ALETA A. TRAUGER
United States District Judge

---

with the Rule 54 motions filed by other defendants, demanded his attorney's fees and costs under the Releases. In support of their motion here, the Siddles have not, for purposes of Rule 14, drawn any meaningful distinction between Crants III's so-styled Counterclaim and Crants III's Rule 54 motion. At any rate, even if the court's Rule 14 analysis were inapplicable in light of the Siddles' otherwise timely response to the Counterclaim, the court still lacks subject matter jurisdiction over the Siddles' third-party claims for the reasons stated herein.