**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| BRUCE K. SIDDLE and SANDRA K. SIDDLE, PPCT MANAGEMENT SYSTEMS, INC., and THE BRUCE K. SIDDLE AND SANDRA K. SIDDLE TRUSTS, dated July 16, 2003, | ) ) ) ) ) | Civil No. 3:09-0175 Judge Trauger |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| DOCTOR R. CRANTS, JR., DOCTOR R. CRANTS, III, LINDA COOPER, GEORGE V. CRAWFORD, III, LEE F. BOOTH, and ROY W. OAKS, | ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BRUCE K. SIDDLE, SANDRA K. SIDDLE, individually and as Trustees of the Bruce K. Siddle and Sandra K. Siddle Trusts, dated July 16, 2003, and PPCT MANAGEMENT SYSTEMS, INC., | ) ) ) ) ) ) | Civil No. 3:09-1137 Judge Trauger |
| Plaintiffs, | ) ) | |

**O R D E R**

On March 26, 2013, the court entered a judgment against the plaintiffs in these two related cases in the total amount of $2,159,738.04. (Docket No. 478)[1] On June 25, 2013, the court granted the plaintiffs' Emergency Motion (Docket No. 492) and set a *supersedeas* bond in the amount of $250,000 (Docket No. 494). On June 26, 2013, the court granted several Motions for Reconsideration of the Order Setting the *Supersedeas* Bond in Less Than the Full Amount of the Judgment, stating therein: "[I]f a notice of appeal is filed today by the plaintiffs/third-party

---

[1]Unless otherwise specified, all docket references herein are to Case No. 3:09-0175 (*Siddle I*).

plaintiffs, the court will require additional disclosure of financial information by Bruce K. Siddle, Sandra K. Siddle, The Bruce K. Siddle and Sandra K. Siddle Trusts and by PPCT Management Systems, Inc. before setting a *supersedeas* bond." (Docket No. 502) A Notice of Appeal was filed by the deadline (Docket No. 503), and the parties have been skirmishing since then about the production of financial information by the plaintiffs to justify their assertions that they cannot afford to post a *supersedeas* bond in the full amount of the judgment.

The court entered an Order on July 2, 2013, requiring the plaintiffs to respond to post-judgment discovery requests by July 19, 2013 and stating therein: "Should this discovery not be timely responded to, the court would look favorably upon a motion by the defendants to set the *supersedeas* bond in the full amount of the judgment already entered in this case." (Docket No. 506) On July 24, 2013, defendant Doctor R. Crants, III, asserting that the plaintiffs had not fully responded to the outstanding discovery by July 19, filed a Motion to Set the *Supersedeas* Bond in the Full Amount of the Judgment. (Docket No. 517) On July 30, 2013, defendant George Crawford filed a similar motion. (Docket No. 534) The plaintiffs asserted that they could not produce all of the financial information requested without a protective order. (Docket No. 513) Therefore, on July 29, 2013, the court issued a Protective Order (Docket No. 529), ordered that the financial production "take place immediately," and ordered that the plaintiffs respond to the Motion to Set the *Supersedeas* Bond in the Full Amount of the Judgment by August 5, 2013. (Docket No. 531)

If, as defendant Crants, III asserts, the plaintiffs have failed to fully respond to their written discovery requests related to financial information (Docket No. 517), that, alone, would justify setting the *supersedeas* bond in the full amount of the judgment. However, an even stronger justification for setting the *supersedeas* bond in the full amount of the judgment is

2

evidenced by the plaintiffs' Response in Opposition to Doctor R. Crants, III's Motion to Set the *Supersedeas* Bond in the Full Amount of the Judgment, filed on August 5, 2013 (Docket No. 538). Instead of arguing that the financial condition of the plaintiffs prevents them from posting a *supersedeas* bond in the full amount of the judgment, the plaintiffs merely assert that, because they have settled with some of the defendants, they should be allowed to appeal "without posting an appeal bond at all." (Docket No. 538 at 2) This is insufficient justification for setting the *supersedeas* bond in an amount less than the full judgment.

For the reasons expressed herein, it is hereby **ORDERED** that the Motions to Set the *Supersedeas* Bond in the Full Amount of the Judgment (Docket Nos. 517, 534) are **GRANTED**. The *supersedeas* bond is set at $2,135,738.04.[2] This bond is to be posted by 2:00 p.m. on Monday, August 12, 2013.

The plaintiffs' Motions to Ascertain The Status of Their Proposed Payment Plan (Docket No. 499 in *Siddle I* and Docket No. 376 in *Siddle II*) are **GRANTED**. The request for a payment plan is **DENIED**.

It is so **ORDERED**.

---

[2] Across the two cases, the court issued a judgment against the Siddles totaling $2,159,738.04. (*See Siddle I*, Docket No. 478; *Siddle II*, Docket No. 356). Rex Carr, whom the court held joint and severally liable with the Siddles for a subset of this total amount, has filed Satisfactions of Judgment reflecting payment of $12,500 to defendant Doctor R. Crants, III (*Siddle I,* Docket No. 487), $1,500 to defendant Linda Cooper (*Siddle I*, Docket No. 484), and $10,000 to defendants Oaks and LBMC (*Siddle I*, Docket No. 490) – a total of $24,000. Subtracting those payments from the original total judgment leaves $2,135,738.04 to be secured on appeal across both cases.

The plaintiffs assert that they have settled with defendants Crawford, Gullett, Sanford, Robinson & Martin, PLLC, Roy Oaks, and Lattimore, Black, Morgan & Cain, P.C. (Docket No. 538 at 2), but no satisfaction of judgment has been filed by any of these parties.

ENTER this 6th day of August 2013.

_____
ALETA A. TRAUGER
U.S. District Judge